

In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00046-CR

_____

CHRISTOPHER CHARLES MEADOWS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law #1
Gregg County, Texas
Trial Court No. 2010-0886

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In the early morning hours in Kilgore, Texas, Kilgore Police Officer Joseph Harrison saw a vehicle driven by Christopher Charles Meadows turn off of Stone Road and use a roadway that the officer believed was a private driveway (the Roadway) to reach Utzman Street. Believing that Meadows failed to stop in the Roadway, Harrison turned on his overhead flashing lights to initiate a traffic stop. However, Meadows did not stop, but continued to drive until he reached his nearby home. After seeing signs that Meadows was intoxicated, Harrison arrested him. Meadows refused a breathalyzer test, so Harrison obtained a search warrant for a sample of Meadows' blood. Because the hospital in Kilgore was closed, Harrison transported Meadows to a hospital in Longview, where his blood was drawn. Tests revealed that Meadows was legally intoxicated, and he was charged by information with DWI, second offense, and fleeing from a police officer. After the trial court denied his motion to suppress the evidence gained from the stop and search, Meadows pled guilty to both charges.[1]

Meadows appeals from his conviction for DWI, second offense, arguing that the trial court erred by failing to grant his motion to suppress because: (1) the officer lacked reasonable suspicion to stop him, as the Roadway was a public road; (2) the officer lacked reasonable suspicion to stop him, as Meadows could have stopped in the Roadway; and (3) the blood draw exceeded the officer's geographic jurisdiction.

---

[1]There is a companion case to this (our cause number 06-11-00045-CR) which regards the charge of fleeing. Meadows was tried for both cases in a single proceeding.

We affirm the judgment of the trial court because: (1) the officer had reasonable suspicion to believe the Roadway was a parking lot, driveway, or private road; (2) the officer had reasonable suspicion to believe that Meadows failed to stop while traversing the Roadway; and (3) a city police officer may execute a valid search warrant anywhere in the county.

Because the issues raised in each appeal are identical, for the reasons stated in our opinion dated this day in *Meadows v. State*, cause number 06-11-00045-CR, we affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     October 19, 2011
Date Decided:     November 15, 2011

Do Not Publish